No. 03-677

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 193

PHIL W. BREWER,

        Plaintiff and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DV-03-27
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Terry J. Hanson, Attorney at Law, Miles City, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

            Jeffrey A. Noble, City Attorney for Miles City, Miles City, Montana

Submitted on Briefs:  July 6, 2004

Decided:  July 27, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Phil W. Brewer (Brewer) appeals from the order entered by the Sixteenth Judicial District Court, Custer County, denying his petition to reinstate his driver's license. We affirm.

¶2 The issue on appeal is whether the District Court erred in denying Brewer's petition to reinstate his driver's license.

BACKGROUND

¶3 At approximately 12:30 a.m. on January 12, 2003, Miles City Police Officer Jeremy Tafelmeyer (Tafelmeyer) initiated a traffic stop of Brewer's vehicle because the vehicle was speeding. Based on observations made during the traffic stop, Tafelmeyer believed Brewer to be driving under the influence of alcohol (DUI). Brewer performed field sobriety tests at Tafelmeyer's request, following which Tafelmeyer arrested Brewer for DUI. Tafelmeyer escorted Brewer to the Miles City Police Department where he requested Brewer to submit to a blood alcohol content test. Brewer refused to submit to the test. Consequently, Brewer's driver's license was seized and suspended pursuant to § 61-8-402(4), MCA.

¶4 Brewer petitioned the District Court to reinstate his driver's license, asserting that Tafelmeyer did not have reasonable grounds to believe he was operating a motor vehicle while under the influence of alcohol. The District Court held a hearing on the petition at which Tafelmeyer was the sole witness. The court subsequently entered its order denying Brewer's petition and Brewer appeals.

2

¶5 We review a district court's ruling on a petition for reinstatement of a driver's license to determine whether the court's findings of fact were clearly erroneous and its conclusions of law correct. Widdicombe v. State ex rel. Lafond, 2004 MT 49, ¶ 7, 320 Mont. 133, ¶ 7, 85 P.3d 1271, ¶ 7. "A suspension of a license is presumed to be correct, and the petitioner bears the burden of proving that the state's action was improper." Widdicombe, ¶ 7.

## DISCUSSION

¶6 Did the District Court err in denying Brewer's motion to reinstate his driver's license?

¶7 A person driving, or in actual physical control, of a vehicle on ways of Montana open to the public is considered to have given consent to a blood or breath test. Section 61-8-402(1), MCA. A test of a person's blood or breath to determine the presence of alcohol or drugs must be administered when a peace officer

> has reasonable grounds to believe that the person has been driving or has been in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person has been placed under arrest for a violation of 61-8-401.

Section 61-8-402(2)(a)(i), MCA. If a person is arrested for DUI and refuses to submit to such a test, the arresting officer must seize the person's driver's license and the license will be suspended administratively. Section 61-8-402(4), MCA.

¶8 A person whose license is seized and suspended pursuant to § 61-8-402(4), MCA, may file a petition in the district court challenging the suspension. Section 61-8-403(1),

3

MCA. In such a proceeding, the issues to be addressed by the district court are limited. In the present case, those issues are whether

> a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person was placed under arrest for violation of 61-8-401

and

> the person refused to submit to one or more tests designated by the officer.

Sections 61-8-403(4)(a)(i) and -403(4)(a)(iv), MCA.

¶9      When interpreting only subsections (i) and (iv) of § 61-8-403(4)(a), MCA, the district court ruling on a petition to reinstate a driver's license determines: (1) whether the arresting officer had reasonable grounds to believe the petitioner had been driving or was in actual physical control of a vehicle upon a way of the state open to the public while under the influence of drugs or alcohol; (2) whether the petitioner was lawfully under arrest; and (3) whether the petitioner refused to submit to a blood or breath test. Widdicombe, ¶ 8. Brewer challenged only the "reasonable grounds" question in his petition to reinstate his driver's license. We have held that the "reasonable grounds" requirement is the equivalent of a "particularized suspicion" to make an investigative stop as provided in § 46-5-401, MCA. Anderson v. State Dept. of Justice (1996), 275 Mont. 259, 263, 912 P.2d 212, 214. Furthermore, whether a particularized suspicion exists generally is a question of fact determined by examining the totality of the circumstances. Anderson, 275 Mont. at 263, 912 P.2d at 214.

4

¶10 At the hearing on Brewer's petition, Tafelmeyer testified that he initiated a traffic stop of Brewer's vehicle because the vehicle was speeding. Tafelmeyer approached the vehicle and asked Brewer to produce his driver's license. Brewer searched for the license, but discovered he did not have it with him. He also could not produce current proof of insurance and, when asked for his vehicle registration papers, he produced the registration for a different vehicle. Tafelmeyer then asked him for his date of birth, address, telephone number and social security number. Brewer provided the information without difficulty. During this exchange, Tafelmeyer detected the odor of alcoholic beverage on Brewer's breath. Tafelmeyer asked Brewer whether he had been drinking and Brewer responded that he had consumed "a couple." Brewer's attitude throughout the entire exchange was argumentative and uncooperative. Tafelmeyer testified that he then requested that Brewer exit the vehicle and perform various field sobriety tests. Based on the field sobriety tests and his earlier observations, Tafelmeyer arrested Brewer for DUI.

¶11 Following the hearing on Brewer's petition, the District Court found that Tafelmeyer's testimony established he had reasonable cause to believe Brewer was driving a motor vehicle while under the influence of alcohol prior to requesting the performance of field sobriety tests. Based on this finding, the court concluded Brewer was not entitled to reinstatement of his driver's license and denied the petition. Brewer contends that the District Court's finding that reasonable cause existed is clearly erroneous and its conclusion that he was not entitled to reinstatement of his driver's license, based on that erroneous finding, is incorrect.

¶12 Brewer concedes Tafelmeyer had a particularized suspicion justifying the initial traffic stop based on the speeding violation. He argues, however, that the totality of the circumstances occurring after the stop does not support a finding of reasonable cause to believe he was DUI because the only indication that he might have been intoxicated was that Tafelmeyer detected an odor of alcoholic beverage in his breath. Brewer contends that this case is analogous to Bramble v. State, Dept. of Justice, MVD, 1999 MT 132, 294 Mont. 501, 982 P.2d 464, where we concluded that particularized suspicion did not exist for either the administration of the field sobriety tests or the request for a breath test. He urges us to reach the same conclusion here, but Bramble is readily distinguishable.

¶13 There, the arresting officer stopped Bramble's vehicle for speeding. Prior to the stop, the officer had received an anonymous citizen's report that Bramble may have been DUI. Bramble, ¶¶ 6-7. The officer approached the vehicle and asked Bramble whether he had been drinking; Bramble replied that he had not. The officer did not observe any signs of intoxication in Bramble such as bloodshot or glassy eyes, odor of alcohol, slurred speech, lack of coordination or inability to understand instructions. Notwithstanding the absence of such indicators, the officer requested Bramble to perform field sobriety tests. Bramble, ¶ 8. Based on the field sobriety tests, the officer arrested Bramble for DUI. Bramble refused to take a preliminary breath test at the scene of the arrest and again refused to take a breath test at the police station. Bramble, ¶ 13. As a result, Bramble's driver's license was seized and suspended. Bramble, ¶ 1.

6

¶14 Bramble petitioned the district court to reinstate his driver's license and the court denied the petition. Bramble appealed to this Court. Bramble, ¶ 1. We concluded that the arresting officer did not have a particularized suspicion that Bramble was DUI because, other than his speeding and the anonymous citizen's report, no aspects of his driving, behavior or physical symptoms indicated he was under the influence of alcohol. Bramble, ¶ 24. Consequently, we held that the district court erred in denying his motion to reinstate his driver's license. Bramble, ¶¶ 29-30.

¶15 In the present case, Tafelmeyer detected the odor of alcoholic beverage on Brewer's breath, Brewer stated he had been drinking, he could not produce the proper vehicle documentation and his attitude during the traffic stop was argumentative and uncooperative. Unlike the officer in Bramble, and contrary to Brewer's assertion that the only evidence of intoxication was the odor of alcoholic beverage, Tafelmeyer observed several indications that Brewer may have been under the influence of alcohol. As a result, Bramble is not applicable here.

¶16 Brewer also cites several cases from other jurisdictions in support of his argument that the odor of alcoholic beverage, in and of itself, is insufficient to establish reasonable cause to believe a driver is DUI. As discussed above, Tafelmeyer observed several indications of Brewer being under the influence of alcohol in addition to the odor of alcoholic beverage. Consequently, the premise underlying Brewer's argument fails and the cited cases are inapplicable.

¶17     We conclude Brewer has failed to establish that the District Court's finding that Tafelmeyer had reasonable grounds to believe, prior to requesting Brewer to perform field sobriety tests, that Brewer was driving a motor vehicle while under the influence of alcohol is clearly erroneous.  As a result, we further conclude that the District Court's conclusion that Brewer was not entitled to reinstatement of his driver's license, based on that finding, is correct.  We hold, therefore, that the District Court did not err in denying Brewer's petition to reinstate his driver's license.

¶18     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE