No. 04-230

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 65

MICHAEL D. CLARK,

       Petitioner and Appellant,

   v.

STATE OF MONTANA, ex rel., DRIVER IMPROVEMENT BUREAU,

       Respondent and Respondent.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and for the County of Yellowstone, Cause No. DV 2003-1050
                     The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Brad L. Arndorfer, Attorney at Law, Billings, Montana

       For Respondent:

           Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County Attorney, Christopher Morris, Deputy County Attorney, Billings, Montana


                         Submitted on Briefs:  November 9, 2004

                                Decided:  March 22, 2005

Filed:

_____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Michael D. Clark (Clark) challenges the Thirteenth Judicial District Court's denial of his request for reinstatement of his driving privileges. We affirm.

## ISSUE

¶2 A restatement of Clark's issue is whether the District Court erred when it denied Clark's petition for reinstatement of his driving privileges.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On October 9, 2003, at approximately 11:40 p.m., Clark was driving west on Montana Avenue in Billings, Montana. Billings Police Officer Holly Newsome was on patrol at that time and she testified that she saw Clark's truck hit the curb and "bounce" back into the lane of traffic. Officer Newsome pulled in behind Clark to observe his driving. As she approached Clark's vehicle, she activated her video camera. She testified that she saw the truck swerve several times into the inside westbound lane of Montana Avenue. As Clark turned onto Cook Avenue, Newsome activated her overhead lights to initiate a stop. She testified that Clark did not stop for approximately one full block. Once Clark stopped, she approached his vehicle and requested Clark's insurance card, vehicle registration and driver's license. Clark promptly provided the insurance card but had to be asked multiple times for his registration and license. Newsome testified that Clark's speech was heavily slurred, that he was unsteady on his feet and that he admitted that he "probably" had too much to drink. Clark performed poorly on the field-administered alphabet test and refused to comply with other field test instructions. Newsome arrested him for driving under the

2

influence and transported him to the Yellowstone County Detention Facility. There, he once again failed the alphabet tests and refused other tests. After reading the implied consent advisory form, he refused to provide a breath sample. Clark's driver's license was therefore suspended in accordance with § 61-8-402, MCA.

¶4 Clark challenged the suspension of his driver's license. A hearing was held on the challenge on January 22, 2004, pursuant to § 61-8-403, MCA. At the hearing, Clark denied hitting the curb. Further, while he did not deny weaving, he argued that he did not interfere with any traffic or other vehicles. Clark maintained that Officer Newsome did not observe any actual criminal violation, as hitting the curb and crossing the line between lanes of traffic are not criminal offenses. Therefore, he argued, the officer had no particularized suspicion or reasonable grounds for stopping him, nor did she articulate at the hearing any reason for stopping Clark. Clark asserted that without a particularized suspicion and an articulated reason for stopping him, his arrest was unlawful, the suspension of his license was unlawful, and his license should be returned and his driving privileges reinstated.

¶5 The District Court stated, "I've heard the testimony, I've looked at the video, seems to me that the officer had probable cause to investigate the offense of DUI based on the driving that I saw. . . . and the observations that the officer was entitled to make from the video and the testimony about hitting a curb, even though Mr. Clark denies that, I find the officer's testimony somewhat more credible. Seems to me that she was quite justified in following up with her investigation, which of course then revealed the other indicators about the charges that ultimately resulted in Mr. Clark's arrest for DUI." The court denied Clark's

3

petition to reinstate his driving privileges and lifted the order staying the suspension and revocation of his license. Clark filed a timely appeal.

## STANDARD OF REVIEW

¶6 We review a district court's ruling on a petition for reinstatement of a driver's license to determine whether the court's findings of fact were clearly erroneous and its conclusions of law correct. "A suspension of a license is presumed to be correct, and the petitioner bears the burden of proving that the state's action was improper." *Brewer v. State*, 2004 MT 193, ¶ 5, 322 Mont. 225, ¶ 5, 95 P.3d 163, ¶ 5 (quoting *Widdicombe v. State ex rel. Lafond*, 2004 MT 49, ¶ 7, 320 Mont. 133, ¶ 7, 85 P.3d 1271, ¶ 7).

## DISCUSSION

¶7 Clark argues that the District Court erred in denying his petition for reinstatement of his driver's license. He maintains that because Officer Newsome did not articulate any reason why Clark's driving could be considered illegal activity, Newsome unlawfully stopped him. The State counters that Officer Newsome testified that her reason for stopping Clark was, "[f]or erratic driving . . . hitting the curb and swerving across the lane line." The State asserts that Officer Newsome had reasonable cause for stopping Clark and that her articulated reason, *i.e.*, "erratic driving," arguably constitutes a violation of § 61-8-328(1), MCA, which requires drivers driving on a road with clearly marked lanes to stay within a single lane "as nearly as practicable" until the driver ascertains that changing lanes can be performed safely. The State also argues that Newsome, as an experienced officer, could make a reasonable inference from her observations of Clark's driving that he might be

4

impaired. Such an inference created particularized suspicion or reasonable grounds justifying the stop.

¶8 The statute applicable to license reinstatement proceedings is § 61-8-403, MCA. The statute requires the district court to take testimony and examine facts. It further limits the issues that may be considered by the court in reinstatement proceedings. Of relevance here is the issue of whether the officer had reasonable grounds to believe that the petitioner had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two. *See* Section 61-8-403(4)(a)(i), MCA.

¶9 In *State v. Brander*, 2004 MT 150, ¶ 6, 321 Mont. 484, ¶ 6, 92 P.3d 1173, ¶ 6, this Court reiterated the two-prong test set forth in *State v. Gopher* (1981), 193 Mont. 189, 631 P.2d 293, for evaluating whether a police officer had reasonable grounds to make an investigative stop. Under this test, the State has the burden of showing: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing . . . . In *Brander*, we stated, "Thus the question is not whether any one of Brander's driving aberrations was itself 'illegal' but rather, whether [the police officer] could point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Brander,* ¶ 6. In the case before us, Officer Newsome pointed to "specific and articulable facts," *i.e.*, hitting the curb and weaving within the two westbound lanes. She testified that because of this erratic driving she stopped Clark. While

5

she did not expressly state that Clark's erratic driving led her to stop him because she suspected that he was impaired, the District Court drew this logical conclusion.

¶10    Clark points to our decision in *City of Missoula v. Cook*, 2001 MT 237, 307 Mont. 39, 36 P.3d 414, in which the arresting officer testified in detail as to his educational training and experience in DUI detection, and related this training and experience directly to his observations of Cook's driving and why he suspected Cook to be impaired when he pulled him over.  He argues such detail is absent here. However, we will not overturn a district court's ruling based on something less than this level of detail if the court's ruling is supported by the record.

¶11    In the case at bar, Officer Newsome described her training, including updated training on DUI patrol, and identified the driving factors that led her to conclude that Clark was driving erratically.  In addition, the District Court had the benefit of the videotape of Officer Newsome following Clark and initiating the stop.  The District Court concluded on the basis of the officer's testimony and the videotape contents that Newsome had reasonable grounds to investigate Clark for DUI, and properly analyzed the factors it was obligated to consider under § 61-8-403, MCA.   We note that the videotape was not made a part of the record on appeal.  This being so, we are unable to conclude that the District Court's analysis was clearly erroneous.

**CONCLUSION**

¶12    For the foregoing reasons, we affirm the District Court.

6

/S/ PATRICIA O. COTTER


We Concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE