
DA 09-0274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 40N

MARY FITZGERALD,

      Plaintiff and Appellant,

   v.

STATE OF MONTANA
DEPARTMENT OF JUSTICE MOTOR VEHICLE DIVISION,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 08-195
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mary Fitzgerald, (self-represented litigant); Red Lodge, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General; Helena, Montana

      Kent E. Young; City of Red Lodge Attorney; Red Lodge, Montana

Submitted on Briefs:  February 10, 2010

Decided:  February 25, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On November 15, 2008, Red Lodge Police Department officers arrested Fitzgerald for driving under the influence of alcohol. Fitzgerald refused to submit to standardized field sobriety tests, and refused to submit to breath alcohol testing, and the State accordingly suspended her driver's license. Fitzgerald thereafter filed a petition to reinstate her driver's license, raising numerous arguments related to her detention and arrest, as well as her understanding of the Montana Implied Consent Advisory. Following a hearing, the District Court denied Fitzgerald's petition, finding that she failed to meet her burden of proof pursuant to § 61-8-403, MCA (2007). *See Hulse v. State, Dept. of Justice*, 1998 MT 108, 289 Mont. 1, 961 P.2d 75. On appeal, Fitzgerald raises the same arguments regarding the bases for law enforcement's particularized suspicion to initiate the stop and probable cause to arrest her, as well as the officer's denial of her request to read the implied consent advisory form.

¶3 We review the district court's denial of a petition to reinstate a driver's license to determine whether the court's findings of fact are clearly erroneous and whether its

2

conclusions of law are correct. *Brown v. State*, 2009 MT 64, ¶ 8, 349 Mont. 408, 203 P.3d 842 (citing *Clark v. State, ex rel., Driver Imp. Bureau*, 2005 MT 65, ¶ 6, 326 Mont. 278, 109 P.3d 244). Because the suspension of a driver's license is presumed correct, the petitioner bears the burden of proving that the State's actions were improper. *Brown*, ¶ 8 (citing *Brewer v. State*, 2004 MT 193, ¶ 5, 322 Mont. 225, 95 P.3d 163).

¶4 We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because there is clearly sufficient evidence to support the District Court's findings of fact and that the District Court correctly applied settled Montana law.

¶5 Affirmed.

/S/ JIM RICE

We concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER

3